IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

QUEEN LEZETTE MCCLAIN,       )
                                           )
       Plaintiff,             )
                                           )
v.                                )   CIV. A. NO. 21-0215-KD-MU
                                         )
UNITED STATES GOVERNMENT, *et al.*   )
                                         )
       Defendants.       )

## <u>REPORT AND RECOMMENDATION</u>

On April 12, 2021, Plaintiff filed her complaint against over one hundred (100) defendants, including, but not limited to, President Joe Biden, federal agencies, states, state agencies, international governments and agencies, local law enforcement agencies and individuals, and other associations and individuals. (Doc. 1 at pp. 2-10). Other than a list of defendants, the only other information contained in Plaintiff's complaint is the following, which is written under the heading seeking the basis for federal jurisdiction: "Restitution and production of documents) For Land deeds and usage." (*Id*. at p. 11). The complaint does not contain any facts or a statement of her claim(s) against any defendant nor does it seek any relief. On that same date, Plaintiff filed a Motion to Proceed Without Prepayment of Fees. (Doc. 2). The motion to proceed *in forma pauperis* has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1).

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action

> or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v.*

*Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d at 1307 (citation omitted); *see also id.* ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

As to the first prong, the Court cannot determine whether Plaintiff is unable to pay the costs of commencing this action because Plaintiff did not provide the necessary information requested in this Court's form motion. Plaintiff stated that she is a single mother of three dependents and is a disabled veteran with no income. (Doc. 2 at pp. 1-3). Plaintiff indicated that she has no assets or income, nor does she have rental or other financial debts or obligations. (*Id*. at p. 3). Although requested to do so, Plaintiff did not explain how she provides for her basic living needs. (*Id*.).

A determination of Plaintiff's financial status need not be made here, however, because Plaintiff's complaint is clearly frivolous. Although *pro se* complaints are held to a less stringent standard than pleadings filed by counsel and are, therefore, liberally construed, *see Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), a *pro se* plaintiff must allege some facts that would support a legal claim. "An action is

frivolous if it is without arguable merit in law or fact." *Austin v. Judge,* 851 F. App'x 173, 174 (11th Cir. 2021) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2008) (*overruled on other grounds*)). A district court may dismiss a complaint *sua sponte* without giving the plaintiff notice or an opportunity to respond if "amendment would be futile or the complaint is patently frivolous." *See Surtain v. Hamlin Terrace Found.,* 789 F.3d 1239, 1248 (11th Cir. 2015).

Here, Plaintiff's purported complaint is deficient in almost every respect and does not conform with even the most rudimentary rules of pleading. First, the complaint sets forth no facts, no claims, nor any claim for relief. The complaint does not set forth the nature of any claims against the named defendants and does not contain any facts at all, much less any facts linking each of the named defendants to a particular claim. The vast number and identities of the named defendants leads the Court to believe that Plaintiff may be attempting to bring unrelated claims in one filing. That is impermissible. Claims with no common nucleus of facts and/or allegations must be set forth in separate complaints.

Because the Court finds that Plaintiff's action is frivolous, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is **DENIED.** In addition, based upon the foregoing, the undersigned Magistrate Judge finds that the complaint is patently frivolous and leave to amend would be futile. Therefore, it is **RECOMMENDED** that Plaintiff's complaint (Doc. 1) be **DISMISSED, without prejudice.**

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **27th** day of **September, 2021**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**